W. B. THOMPSON et al. *v.* SAM'L MUNSON, Admr., et al.

EFFECT OF INJUNCTION UPON JUDGEMENT ENJOINED—ERRORS CURED.—The suing out of an injunction to restrain execution of a judgment at law, operates as a release of all errors in such judgment, in the same manner as if the parties had signed and sealed a release of such errors.

Error to the circuit court of Attala county. CAMPBELL, J.

The plaintiff in error assigned the following errors :

Judgment was rendered without making any disposition of the pleas of defendant, in court below; no issue joined, no demurrer or replication thereto filed by plaintiff in court below.

Judgment rendered for " specie," should have been for dollars and cents, or *money*, without designation of character or kind.

The court erred in granting instructions for plaintiff.

The court erred in dissolving injunction upon bill and answer.

*Samuel Young*, for plaintiff in error.

The first cause of error assigned is the action of the court in proceeding to trial and judgment without disposing of the pleas of the defendant, there being no joinder, demurrer, or replication in writing, to any of them, as required by the rules of pleading. Vanzant v. Shelton, 40 Miss., p. 330 ; Roby v. Britt (not reported).

Second assignment of error : The judgment was for " specie." This was error. " Specie" is not the only character of legal tender money. U. S. Treasury notes are legal tender, and they cannot evade this fact and require payment in " specie" by rendering judgment for " specie." By rendering this judgment the court required its clerk to issue execution for

" specie," the sheriff necessarily demands " specie" in accordance with the demands of the writ, and hence the defendants are debarred of their legal right to pay in United States treasury notes, which are as much a legal tender as " specie." See Legal Tender Act of Congress ; Ezelle et ux. v. Parker et al., 41 Miss., 520; Graham v. Marshall, 52 Penn. R., 103.

3rd. The third assignment of error is the granting of plaintiff's instruction. The first instruction was error in this : it charged the jury that the relative value of Confederate money and good money, was not to determine the question. We contend that if Confederate money alone was to be paid, the measure of damages was the value, in good money, of that Confederate money.

The second instruction ought to have been qualified by the court; as it was given, it virtually charges the jury that although the proof may have shown the negro, for which the note was given, was free and not property, still being a negro, *he was* property. *Again,* if the proof showed any guarantee or promise on the part of the plaintiff, that if emancipation did take place, defendant should not pay, this instruction debarred the jury from considering such guaranty.

4th. The fourth assignment of error was the dissolving of the injunction. The bill alleges tender of money and its refusal. The answer admits this, but contends that it was not such money as they were entitled to demand. *United States treasury notes* were offered and were refused, and " specie" demanded. If these notes were legal tender, the court should have sustained the injunction and required the party to receive them.

*J. Niles,* for defendant in error.

The error assigned amounts to nothing. If there was error, it was caused under our statute of jeofails. Rev. Code of 1857. The injunction obtained by plaintiffs in error, operates as a *release* of errors in the proceedings at law. Rev. Code, art. 68, p. 551.

The injunction was properly dissolved, and there is no error

in the proceedings, so far as is discoverable from the record.

PEYTON, C. J.:

This cause comes up by appeal from a decree of the chancery court of Attala county.

The complainants, Isaac W. Scarborough and William B. Thompson, state in their bill of complaint, that on the 20th day of March, 1867, Samuel Munson obtained a judgment against them, in the circuit court of said county, for the sum of $173 10, and that an execution was issued on said judgment, and placed in the hands of John C. Lucas, the sheriff of said county. That they tendered to the said sheriff the amount of said judgment and execution, and all interest and costs, and that he refused to receive the same, and threatens to levy on the property of the complainants. To restrain which they pray for and obtain an injunction.

The said sheriff, Lucas, in his answer, admits the judgment and execution, as set forth in the bill of complaint, and that the complainant, Scarborough, one of the defendants in said judgment and execution, offered to pay the amount of said execution and costs, in United States treasury notes, but denies that any formal tender or presentation of said notes had ever been made to him, and states that the plaintiff in the judgment refused to receive said treasury notes in satisfaction of said judgment and execution, and that he was not willing to receive the same on said execution, in disregard of the command of the writ of *fieri facias*, and against the will and without the consent of the plaintiff in the execution. But states that he has been, at all times, ready and willing to receive the amount due on said execution, *in specie*, according to the command thereof.

Samuel Munson, in his answer to the bill of complaint, admits that he obtained the judgment stated in the bill, and that he caused execution to be issued thereon, and placed in the hands of the sheriff, as alleged. And although he has no personal knowledge of the fact, he supposes it to be true that said Scarborough offered to pay off said execution in United States treasury notes. That he declined to take any-

thing but specie in payment of said judgment and execution, because, as he was advised and believed, he was by law, entitled to demand and receive the amount due him on said execution, in specie, and avers a readiness, at all times, to receive the same, in specie.

At the September term of said court, 1867, the said Samuel Munson and John C. Lucas moved the court to dissolve the injunction on bill and answers, which motion was sustained by the court, and hence the appeal to this court, where the appellants make the following assignments of error:

1. That the judgment was rendered without making any disposition of the pleas of the defendants in the court below, upon which there was no issue joined, nor demurrer or replication filed thereto by the plaintiff in the court below.

2. That the judgment rendered for specie should have been for dollars and cents, without designating the character or kind of money.

3. The court erred in granting instructions for the plaintiff.

4. The court erred in dissolving the injunction upon bill and answers.

We think it more than probable that there were errors in the rendition of the judgment at law in the circuit court. Be this, however, as it may, we are precluded from going into any such enquiry upon this appeal from a decree of the chancery court, by the issuance of the injunction in this case, which operates as a release of all errors in this judgment at law, in the same manner as if the parties had signed and sealed a release of such errors. Rev. Code, 551, art. 68.

The appellants have mistaken their remedy. If there were errors in the judgment at law, a court of equity is not the proper forum to correct them. As there was no equity in the bill, the court did not err in dissolving the injunction upon bill and answers.

The decree must, therefore, be Affirmed.